UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SELIM UMIT KUCUK,<br><br>      Plaintiff,<br> v.<br><br>CENTRAL WASHINGTON<br>UNIVERSITY,<br><br>      Defendant. | CASE NO. C17-1262JLR<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

## I.  INTRODUCTION

Before the court is Plaintiff Selim Umit Kucuk's motion to appoint counsel. (MTAC (Dkt. # 14).) Defendant Central Washington University ("CWU") opposes the motion. (Resp. (Dkt. # 16).) The court has considered the motion and CWU's response,[1]

//

//

---

[1] Mr. Kucuk did not file a reply. (*See generally* Dkt.)

ORDER - 1

the relevant portions of the record, and the applicable law. Being fully advised,[2] the court denies the motion.

## II. BACKGROUND

On August 21, 2017, Mr. Kucuk filed this lawsuit alleging employment discrimination and other claims against CWU. (*See generally* Mot. for IFP (Dkt. # 1); Compl. (Dkt. # 3).) On August 22, 2017, the court granted Mr. Kucuk's motion for *in forma pauperis* status. (IFP Order (Dkt. # 2).)

In his motion seeking court-appointed counsel, Mr. Kucuk states that he has contacted "over a dozen of [sic] lawyers" during the past three to four months. (MTAC at 2.) He states that "although the majority of attorneys saw a [sic] merit in [his] case," they declined to accept his case because they do not take contingency fee cases. (*Id.*) He acknowledges that the Equal Opportunity Employment Commission ("EEOC") did not find "reasonable cause" to believe his allegations had merit. (*Id.*) He does not provide his own statement concerning why his claims have merit. (*See generally id.*)

## III. ANALYSIS

A plaintiff has no constitutional right to appointed counsel in an employment discrimination suit. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). Nevertheless, Title VII of the Civil Rights Act of 1964 provides in pertinent part that:

> Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and

---

[2] No party requested oral argument, and the court does not deem it necessary for its disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

may authorize the commencement of the action without the payment of fees, costs, or security.

42 U.S.C. § 2000e-5(f)(1)(B). Although the court possesses the authority to appoint counsel, the court is not obligated to appoint counsel in every employment discrimination case. *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991) (citing *Ivey*, 673 F.2d at 269). Rather, the determination is left to the sound discretion of the district court. *Id*. The three factors relevant to the court's determination of whether to appoint counsel, include: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merits of the plaintiff's claim. *Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 417 (9th Cir. 1994).

The first factor—the plaintiff's financial resources—favors the appointment of counsel. Mr. Kucuk has already been granted *in forma pauperis* status (*see* IFP Order), and so he is unlikely to have the financial resources necessary to obtain private counsel.

The court concludes that the second factor—the plaintiff's efforts to secure counsel—is either neutral or does not favor the appointment of counsel. In *Bradshaw v. Zoological Soc'y of San Diego*, the Ninth Circuit found that a plaintiff's efforts to contact more than ten attorneys demonstrated "the requisite degree of diligence . . . to secure counsel." 662 F.2d 1301, 1319 (9th Cir. 1981). However, in *Bradshaw*, the plaintiff's motion was supported by "affidavits . . . detailing her unsuccessful efforts to obtain an attorney." *Id.* at 1303. Unlike the plaintiff in *Bradshaw*, Mr. Kucuk does little to explain or detail his efforts. In his motion, Mr. Kucuk states that he has "contacted over a dozen of [sic] lawyers" within the "last 3-4 months," but that all of the attorneys declined to

take his case because they did not accept cases on a contingency fee basis. (MTAC at 2.) He does not detail any efforts to locate an attorney who specifically handles employment or contingency fee cases, and he does not indicate whether he checked with any associations or entities that could assist him in locating an attorney to represent him on a *pro bono* or contingency fee basis. *See Shepherd-Sampson v. Paratransit Servs.*, No. C13-5888 BHS, 2014 WL 3728768, at *2 (W.D. Wash. July 25, 2014) (denying motion to appoint counsel in part because the plaintiff did "little to explain her efforts to secure her own counsel"). Thus, although with sufficient explanation Mr. Kucuk's efforts to contact over a dozen lawyers might satisfy "the requisite degree of diligence" to secure counsel, *Bradshaw*, 662 F.2d at 1319, it does not here. The court acknowledges that Mr. Kucuk need not "'exhaust the legal directory' as a prerequisite to the appointment of counsel." *Id*. Nevertheless, for the court to conclude that Mr. Kucuk "has done all that may reasonably be expected," more detail than what is provided concerning his search is necessary.

Finally, the court concludes that the last factor—the merit of plaintiff's claim—also does not favor the appointment of counsel. Mr. Kucuk acknowledges that the EEOC did not find "reasonable cause" to believe his allegations have merit. (MTAC at 2.) The Ninth Circuit has stated that "[i]f the agency has found 'reasonable cause,' . . . the claim should ordinarily be deemed meritorious for purposes of appointment of counsel, and the court need make no further inquiry with respect to that subject." *Bradshaw*, 662 F.2d at 1309. However, "an EEOC determination that no reasonable cause supports the plaintiff's claim should be approached somewhat differently." *Id.* at 1309 n.20.

Although it is still relevant, the refusal to appoint counsel solely because the EEOC finds no reasonable cause to believe that a claim exists would be error. *See id.*; *see also Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1308-09 (5th Cir. 1977) (concluding that EEOC finding of no reasonable cause is highly probative but not determinative); *Harris v. Walgreen's Distrib. Ctr.*, 456 F.2d 588, 590 (6th Cir.1972) (concluding that it is error for the district court to rely solely upon an EEOC finding of no probable cause). Although the court takes note of the EEOC's negative determination, the court does not rely solely on that determination in concluding that the third factor does not favor the appointment of counsel. Here, in addition to acknowledging the EEOC's finding of no reasonable cause, Mr. Kucuk fails to provide any statement or rationale of his own concerning the merits of his claims. (*See generally* MTAC.)

Further, the court has reviewed his complaint and the relevant portions of the record and independently concludes that the merits of Mr. Kucuk's claims do not favor the appointment of counsel. The crux of Mr. Kucuk's claims is that CWU discriminated against him based on his national origin when it did not hire him because his doctoral degree is not from an accredited university. (*See generally* Am. Compl. (Dkt. # 19).) In the context of this motion, the court does not make any determination concerning the ultimate disposition of Mr. Kucuk's claims. Nevertheless, as CWU points out, courts have determined that such accreditation requirements are not discriminatory. *See, e.g.*, *Pouyeh v. UAB Dep't of Ophthalmology*, 625 F. App'x 495, 497 (11th Cir. 2015) ("Rejecting applicants based on whether the medical schools they attended were accredited by the AMA or the CMA is not discrimination based on national origin."); *see*

*also Maceluch v. Wysong*, 680 F.2d 1062, 1065 (5th Cir. 1982) (explaining that a policy "based upon the locality of the education received" does not discriminate based on alienage because "[s]ubstantial numbers of Americans attend medical schools abroad, just as some foreigners attend medical schools in the United States"). Finally, the court notes that Mr. Kucuk's complaint does not raise complex legal or factual issues and, based on his filings with the court, Mr. Kucuk appears reasonably capable of representing himself *pro se*. Accordingly, the court concludes that the merits of Mr. Kucuk's claims do not favor the appointment of counsel.

On balance, the court concludes that the factors do not favor the appointment of counsel, and the court denies Mr. Kucuk's motion. *See Ivey*, 673 F.2d at 269 (concluding that district court did not abuse its discretion by denying plaintiff's motion to appoint counsel based solely on the court's determination that the plaintiff's case lacked sufficient merit to warrant the appointment of counsel). The court advises Mr. Kucuk that he must represent himself *pro se* unless and until he is able to retain counsel and counsel enters an appearance on his behalf in this case. Materials to assist *pro se* litigants are available on the United States District Court for the Western District of Washington's website. Nevertheless, *pro se* litigants are responsible for complying with all of the applicable deadlines and court rules, including the Federal Rules of Civil Procedure, and the Western District of Washington's Local Rules, which can also be found on the Western District of Washington's website. *See, e.g.*, *Solis v. McKessen*, 465 F. App'x 709, 710 (9th Cir. 2012) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

## IV. CONCLUSION

Based on the foregoing analysis, the court DENIES Mr. Kucuk's motion to appoint counsel (Dkt. # 14).

Dated this 23rd day of January, 2018.

JAMES L. ROBART
United States District Judge