UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SELIM UMIT KUCUK,<br><br>       Plaintiff,<br> v.<br><br>CENTRAL WASHINGTON UNIVERSITY,<br><br>       Defendant. | CASE NO. C17-1262JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS |

## I.   INTRODUCTION

Before the court is Defendant Central Washington University's ("CWU") Federal Rule of Civil Procedure 12(b)(6) motion to dismiss *pro se* Plaintiff Selim Umit Kucuk's amended complaint. (2d MTD (Dkt. # 20); *see also* FAC (Dkt. # 19).) Dr. Kucuk opposes the motion. (Resp. (Dkt. # 21).) The court has reviewed the motion, all submissions filed in support of and opposition to the motion, the relevant portions of the

//

1 | record, and the applicable law. Being fully advised,[1] the court GRANTS in part and
2 | DENIES in part CWU's motion. The court also DENIES Dr. Kukuk leave to amend his
3 | amended complaint.

## II. BACKGROUND[2]

Dr. Kucuk is Turkish-American and a naturalized citizen of the United States. (FAC ¶¶ 11, 18.) He is a former CWU employee who worked as a full-time faculty member from 2009-2011. (*Id.* ¶ 18.) Dr. Kucuk received his doctoral degree from Hacettepe University in Turkey in 2001. (*Id.* ¶ 19.) In the spring of 2011, Dr. Kucuk applied for a "Tenure-Track Assistant Professor of Marketing faculty position," but CWU denied his application. (*Id.* ¶¶ 21, 23.) Both the Dean and Department Chair of CWU's College of Business informed Dr. Kucuk that CWU denied his application because his doctoral degree was not from an Association to Advance Collegiate Schools of Business ("AACSB")-accredited university. (*Id.* ¶¶ 24-25.) CWU lists a terminal degree from an AACSB-accredited university as a minimum requirement for all tenure-track faculty. (*Id.* ¶ 26, Ex. II at 1-2.) This requirement has been in place for 10 to 12 years. (*Id.*, Ex. II at 2.) CWU hired Terry Wilson, an American-born Caucasian, for the 2015 tenure-track position. (*Id.* ¶ 27.)

---

[1] No party requests oral argument, and the court concludes that oral argument would not be helpful to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The court accepts Dr. Kucuk's well-pleaded allegations of fact in his amended complaint as true for purposes of ruling on CWU's motion to dismiss. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). In addition, the court liberally construes Dr. Kucuk's amended complaint because he is a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In April 2011, Dr. Kucuk appealed CWU's decision to deny his application to CWU's Ombudsman. (*Id.* ¶ 30.) CWU's Office for Equal Opportunity ("OEE") conducted an investigation and concluded that the "decisions made during the 2011 search for a tenure-track faculty member in Marketing were fair." (*Id.* Ex. VII at 3.) In evaluating Dr. Kucuk's complaint, the Director of the OEE also stated that "CWU has had a terminal degree from an AACSB-accredited institution as a minimum qualification for tenure-track faculty in all cases." (*Id.* Ex. VII at 1.) He also stated that "this minimum qualification[] has been in place" for 10-12 years. (*Id.*, Ex. VII at 2.)

Later in 2011, CWU did not renew Dr. Kucuk's full-time lecturer contract, and he has not worked at CWU since that time. (*Id.* ¶ 55.) In 2011, Dr. Kucuk filed a discrimination claim against CWU with the Equal Employment Opportunity Commission ("EEOC"). (Compl. (Dkt. # 3) at 7-8.) The EEOC closed his 2011 complaint in 2013. (*See id.* at 8.)

In 2015, Dr. Kucuk applied for a vacant "Tenure-Track Assistant/Associate Professor of Marketing position" at CWU's satellite campus in Des Moines, Washington. (*Id.* ¶ 33.) CWU again declined to hire Dr. Kucuk, citing the AACSB-accreditation requirement as its reason. (*Id.* ¶ 35.) In 2015, Dr. Kucuk filed another discrimination claim against CWU with the EEOC. (*Id.* ¶¶ 15, 36.) His 2015 charge led to the current action, which he timely filed in this court on August 21, 2017 (*see* IFP App. (Dkt. # 1); Compl.), after the EEOC issued his May 24, 2017, "right to sue" letter (*see* FAC ¶ 16; Compl. at 9, Ex. 10 at 2); *see also* 42 U.S.C. § 2000e-5(f)(1).

//

Dr. Kucuk alleges that, despite CWU's claim that it does not hire candidates for tenure-track Assistant/Associate Professor positions in Marketing without a doctoral degree from an AACSB-accredited institution, CWU hires candidates who are of "American descent" without such degrees for similar positions. (*Id.* ¶ 28.) As an example, Dr. Kucuk alleges that CWU hired Ronald D. Elkins, who is "an American born Caucasian," for an Assistant Professor position despite the fact that he does not have a doctoral degree from an AACSB-accredited institution. (*Id.* ¶ 29.) Dr. Kucuk also alleges that at CWU's campus in Ellensburg, Washington, "there is no faculty within the Accounting [D]epartment that is [an] international person and/or [of] minority descent." (*Id.* ¶ 37.) He further alleges that "only 15% of the faculty within the Economics [D]epartment is international," "20% of the faculty within the Finance and Supply Chain Management are international," and "95% of Management (and 100% of Marketing faculty) is made up of American born citizens." (*Id.*) The court takes judicial notice of the fact that CWU's College of Business consists of four departments: (1) Accounting, (2) Economics, (3) Finance & Supply Chain, and (4) Management & Marketing. *See* http://www.cwu.edu/business/ (last visited Mar. 27, 2018).[3]

---

[3] Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (taking judicial notice of information on the websites of two school districts because they were government entities); *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) ("[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." (citation and internal quotation marks omitted)).

In his original complaint, Dr. Kucuk alleged three claims under Title VII of the Civil Rights Act of 1964, including: (1) discriminatory treatment, (2) disparate impact, and (3) retaliation. (*See generally* Compl.) On October 4, 2017, CWU filed a motion to dismiss Dr. Kucuk's complaint. (1st MTD (Dkt. # 7).) On November 30, 2017, the court granted CWU's motion and dismissed Dr. Kucuk's complaint but with leave to amend his disparate impact and retaliation claims. (11/30/17 Order (Dkt. # 17).) On December 18, 2017, Dr. Kucuk filed an amended complaint (*see* FAC), which CWU moves to dismiss Dr. Kucuk's amended complaint (*see* 2d MTD). The court now considers CWU's motion.

### III.   ANALYSIS

**A.   Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Although "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Under Rule 12(b)(6), dismissal can be based on "the lack of a cognizable legal theory or the absence of sufficient facts

alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded facts as true and draw all reasonable inferences in the plaintiff's favor. *Wyler Summit P'ship*, 135 F.3d at 661. The court also liberally construes a *pro se* litigant's complaint. *See Erickson*, 551 U.S. at 94 ("A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986), and the court cannot supply essential facts that the *pro se* plaintiff has failed to plead, *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

**B.     CWU's Motion**

Dr. Kucuk alleges claims under Title VII for disparate impact and retaliation. (FAC ¶¶ 38-58.) Liberally construed, he also alleges new state law claims for intentional infliction of emotional distress and negligent infliction of emotional distress. (*See id.* ¶ 4.) CWU moves to dismiss all of these claims, and the court addresses each in turn.

    1.  Disparate Impact

In his amended complaint, Dr. Kucuk re-pleads his disparate impact claim. (*See* FAC ¶¶ 38-53.) To establish a prima facie case of disparate impact under Title VII, the

plaintiffs must: (1) show a significant disparate impact on a protected class or group; (2) identify the specific employment practices or selection criteria at issue; and (3) show a causal relationship between the challenged practices or criteria and the disparate impact. *Atonio v. Wards Cove Packing Co., Inc.*, 810 F.2d 1477, 1482 (9th Cir. 1987) (en banc); *see also Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1190 (9th Cir. 2002). At the pleading stage, the plaintiff need not prove a prima facie case to survive a motion to dismiss, but "must still plead the general disparate impact elements" to make the claim "facially plausible."[4] *See Borja-Valdes v. City & Cty. of S.F.*, No. 3:14-cv-04168-CRB, 2015 WL 5522287, at *8 n.5 (N.D. Cal. Sept. 18, 2015).

In his amended complaint, Dr. Kucuk identifies the specific employment practice at issue—the "policy and practice against employing individuals without degrees from AACSB accredited universities." (FAC ¶ 49; *see also id.* ¶ 26 ("CWU lists as a minimum requirement that their [sic] faculty have a terminal degree from a university accredited by the [AACSB]."); ¶ 28 ("CWU doesn't hire candidates without a PhD from

---

[4] The leading Ninth Circuit case on pleading a disparate impact claim held that the district court erred in requiring the plaintiff to allege facts supporting a prima facie case. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). However, following the Supreme Court's decisions in *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 570, district courts have largely treated *Gilligan* as implicitly overruled. *See, e.g., Sparks v. Kitsap Sch. Dist.*, No. 3:13-CV-05682-RBL, 2014 WL 1047217, at *3 (W.D. Wash. Mar. 18, 2014) (noting that the Ninth Circuit decided *Gilligan* "years before *Iqbal* and *Twombly*" and therefore *Gilligan* is "entirely inapplicable now"); *Jeffrey v. Foster Wheeler, LLC*, No. 14-CV-05585-WHO, 2015 WL 1004687, at *1 n.2 (N.D. Cal. Mar. 2, 2015) ("*Gilligan* was decided years before *Iqbal* and *Twombly* and does not control over the pleading standards articulated in those cases."). Further, in an unpublished decision, the Ninth Circuit applied the same standard as the one applied by the district court in *Borja-Valdes* and upheld a district court's dismissal at the pleading stage of a disparate impact claim where the complaint failed to allege the prima facie elements of the claim. *See Thomas v. S.F. Hous. Auth.*, No. 3:16-CV-03819-CRB, 2017 WL 878064, at *4 (N.D. Cal. Mar. 6, 2017) (citing *Gomez v. Quicken Loans, Inc.*, 629 F. App'x 799, 802 (9th Cir. 2015)).

AACSB accredited institutions . . . .").) He thus satisfies the pleading requirement for the second element of his prima facie disparate impact claim. He also alleges that the policy "cause[d] a disparate impact on the basis of national origin" (*id.* ¶ 50), and alleges specific facts concerning the low percentages or complete absence of foreign-born or "international" faculty in CWU's College of Business's various departments, as opposed to the number of faculty who are "American born citizens" (*id.* ¶ 37). He also alleges that the policy at issue was the reason that his own application was denied. (*Id.* ¶¶ 21-25.) These allegations are sufficient at this stage to satisfy the pleading requirements for the first and third elements of a prima facie disparate impact claim as well.

CWU asserts that Dr. Kucuk "needs to provide statistical evidence (or its equivalent) to demonstrate how the accreditation requirement causes a disparate impact on a protected group." (2d MTD at 4.) Although at some point in these proceedings Dr. Kucuk will need to provide causal evidence, he does not need to do so at the pleading stage. At this point, Dr. Kucuk "need not prove the prima facie elements to survive a motion to dismiss, but must plead the general elements to make a claim facially plausible." *See Thomas*, 2017 WL 878064, at *5. The court concludes that Dr. Kucuk's amended complaint satisfies this standard and, therefore, DENIES CWU's motion to dismiss his disparate impact claim.

2. Retaliation

"To adequately plead a claim for retaliation, Plaintiff must allege that: 1) he engaged in a protected activity; 2) was subjected to adverse employment action; and 3)

that there was a causal link between the protected activity and the adverse employment decision." *Greta v. Surfun Enters., LLC*, No. 3:09-CV-2793JLS NLS, 2010 WL 2757290, at *4 (S.D. Cal. July 13, 2010) (citing *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000)); *see also Nolan v. Salazar*, No. CV08-1884-PHX-JAT, 2009 WL 3710720, at *5 (D. Ariz. Oct. 30, 2009) (citing *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 894 (9th Cir. 2005)) ("In order for Plaintiff to sufficiently plead such a claim he would need to allege facts that would establish the elements a prima facie claim of retaliation under Title VII: 1) that he engaged in statutorily protected activity, 2) that the employer took an employment action adverse to plaintiff, and 3) that there is a causal connection between the protected activity and the adverse employment action.").

CWU argues that Dr. Kucuk fails to adequately allege the causation element of his retaliation claim because he does not allege facts to support the heightened "but for" causation standard established by the Supreme Court in *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 360 (2013). (2d MTD at 6.) In *Nassar*, the Supreme Court "determined that 'Title VII retaliation claims must be proved according to traditional principles of but-for causation.'" *Graham v. Mirage Casino Hotel*, No. 2:14-CV-01949-MMD, 2015 WL 5224895, at *3 (D. Nev. Sept. 4, 2015) (citing *Nassar*, 570 U.S. at 360). Further, specifically with regard to claims for retaliatory failure-to-hire, courts hold that a plaintiff "must show 'that [s]he applied for an available job; and that [s]he was qualified for that position.'" *Slaughter-Payne v. Nicholson*, No. CV-03-2300-PHX-ROS, 2007 WL 9658013, at *3 (D. Ariz. Mar. 21, 2007) (alterations in original) (quoting *Velez v. Janssen Ortho, LLC*, 467 F.3d 802, 807 (1st Cir. 2006)).

Based on *Nassar*, CWU argues that Dr. Kucuk cannot show "but-for causation" for his retaliation claim because he admits in his amended complaint that CWU did not consider his application for the 2015 tenure-track position because he did not meet all the qualifications—specifically, he does not have a doctoral degree from an AACSB-accredited university.[5] (2d MTD at 6-7.) (2d MTD at 6.) Indeed, in his complaint, Dr. Kucuk states that "a minimum requirement" for CWU tenure-track faculty is a "terminal degree from a university accredited by the [AACSB]." (FAC ¶ 26; *see also id.* Ex. II at 1 ("CWU has had a terminal degree from an AACSB-accredited institution as a minimum qualification for tenure-track faculty in all cases . . . for ten to twelve years . . . .").[6] He further acknowledges that he received his doctoral degree from a university not so accredited. (*Id.* ¶ 25; *see also id.* ¶ 35 ("CWU declined to hire Plaintiff, citing the accreditation requirement as its reason for not hiring him."); Resp. at 6 ("Neither Hacettepe University (where I got my PhD from in 2001) nor any other schools had AACSB accreditation at the beginning, during, and after finishing my PhD in Turkey.").) Thus, CWU argues that Dr. Kucuk cannot establish that CWU would have hired him for the 2015 tenure track position "but for" its alleged retaliation as required under *Nassar*.

//

---

[5] CWU also argues that Dr. Kucuk fails to properly allege the causation element because he fails to allege that members of the hiring committee knew about any of Dr. Kucuk's alleged protected activity. (2d MTD at 4-5.) The court does not reach this issue because it dismisses Dr. Kucuk's retaliation claim on other grounds.

[6] Material properly attached to a complaint is generally considered part of the complaint when considering whether the court should dismiss a complaint under Rule 12(b)(6). *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

The court agrees, and accordingly, dismisses Dr. Kucuk's claim for retaliation based on CWU's rejection of his application for a tenure-track faculty position in 2015.

Dr. Kucuk also alleges that CWU's failure to rehire him in 2011 and its failure to consider him in 2012 and 2013 for two lower-level part-time positions represent adverse employment actions in support of his retaliation claim. (FAC ¶ 55; *see* Resp. at 13 (stating that Dr. Kucuk applied for the part-time positions in 2012 and 2013).) "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."[7] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). As the court noted in its first order of dismissal, Dr. Kucuk failed to timely file his claims concerning alleged retaliatory actions that occurred prior to 2015. (*See* 1st MTD at 3 n.3, 4, 11 n.5.) A "claim may be dismissed as untimely pursuant to a [Rule] 12(b)(6) motion '. . . when the running of the statute [of limitations] is apparent on the face of the complaint.'" *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)); *see also Ritchie v. United States*, 210 F. Supp. 2d 1120, 1123 (N.D. Cal. 2002) ("Where the facts and dates alleged in a complaint demonstrate that the complaint is barred by the statute of limitations, a Federal Rule of Civil Procedure 12(b)(6) motion should be granted."). To the extent Dr. Kucuk attempts to allege a retaliation claim based on events outside the limitations period, those claims are time-barred.

---

[7] In *Morgan*, the Supreme Court found that under Title VII, the continuing violation exception applies only to hostile work environment claims. 536 U.S. at 122.

In sum, the court dismisses a portion of Dr. Kucuk's retaliation claim because he cannot adequately allege causation due to the admission in his amended complaint that he was not qualified for the position at issue and dismisses the other portions of his retaliation claim as barred by the statute of limitations. Dr. Kucuk has not pleaded any other grounds for retaliation. Accordingly, the court grants CWU's motion in part and dismisses Dr. Kucuk's retaliation claim in total.

3. State Law Claims

In his amended complaint, Dr. Kucuk alleges claims for both intentional infliction of emotional distress and negligent infliction of emotional distress for the first time.[8] (FAC ¶ 4.) He did not allege any state law claims in his original complaint. (*See generally* Compl.) CWU argues that it is immune from such claims under the Eleventh Amendment. (2d MTD at 7.)

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S.

---

[8] Dr. Kucuk also alleges for the first time in paragraph four of his amended complaint that he is bringing a claim for "racial discrimination." (FAC ¶ 4.) To the extent that Dr. Kucuk brings this claim under state law, it is barred by the Eleventh Amendment on the same grounds as his other alleged state law claims. *See infra* § III.B.3. To the extent that Dr. Kucuk brings a racial discrimination claim under federal law, the court dismisses any such claim for (1) disparate treatment on the same grounds that it dismissed this claim based on national origin in its November 30, 2017, order (*see* 11/30/17 Order at 6-7), or (2) retaliation on the same grounds that it dismisses this claim based on national origin in this order, *see supra* § III.B.2. For the same reasons that the court denies leave to amend Dr. Kucuk's other state law claims and his Title VII claims based on national origin for disparate treatment and retaliation, the court also denies leave to amend any racial discrimination claim based on state law or under Title VII for disparate treatment or retaliation. *See infra* § III.B.4; (11/30/17 Order at 13).

89, 100 (1984)). This jurisdictional bar extends to state agencies and departments and applies whether the relief sought is legal or equitable. *Id.*; *see also Cerrato v. S.F. Cmty. Coll. Dist.*, 26 F.3d 968, 972 (9th Cir. 1994) (ruling that the Eleventh Amendment bars a federal court from hearing claims against "dependent instrumentalities of the state").

CWU is a regional university created by state statute. *See* RCW 28B.35.010; RCW 28B.35.050. As a state university, CWU is an arm of the state and entitled to Eleventh Amendment immunity. *See Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (concluding that the University of California is a "state agency" for the purpose of a sovereign immunity analysis); *Goodisman v. Lytle*, 724 F.2d 818, 820 (9th Cir. 1984) (implying that the University of Washington was immune as an "arm of the state"); *Robinson v. Green River Cmty. Coll.*, No. C 10-0112-MAT, 2010 WL 3947493, at *4 (W.D. Wash. Oct. 7, 2010) (concluding that the Eleventh Amendment barred state claims against Green River Community College because it was an arm of the state); *Green v. Shoreline Cmty.. Coll.*, No. C06-465P, 2006 WL 3761366, at *13 (W.D. Wash. Dec. 21, 2006) (finding Shoreline Community College to be an arm of the state and entitled to Eleventh Amendment immunity and dismissing breach of contract and constructive discharge claims).[9]

---

[9] The Ninth Circuit applies a five-factor test to determine whether a governmental agency is properly considered an arm of the state. *See Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (listing factors that include "whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only the name of the state, and the corporate status of the entity"); *see also Holz v. Nenana City Pub. Sch. Dist.*, 347 F.3d 1176, 1182 (9th Cir. 2003) (noting that the first factor, whether a money judgment would be satisfied out of state funds, is the most important of the five factors). Given

1 | The Eleventh Amendment, therefore, bars all of Dr. Kucuk's alleged state law
2 | claims. *See Robinson*, 2010 WL 3947493, at *5 ("The Eleventh Amendment . . . bars
3 | plaintiff's claims asserting violations of state law.") (citing *Pennhurst*, 465 U.S. at
4 | 124-25). Accordingly, the court grants in part CWU's motion and dismisses Dr. Kucuk's
5 | alleged state law claims for lack of subject matter jurisdiction.

    4. <u>Leave to Amend</u>

A district court should not dismiss a *pro se* complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203 (9th Cir. 1988)); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (noting that dismissal with prejudice is appropriate only if it would be "clear on de novo review that the complaint could not be saved by amendment"). The court concludes that granting leave to amend is not appropriate here. No additional allegations could overcome the fact that Dr. Kucuk did not meet the qualifications for the 2015 tenure-track position—a necessary requirement for his claim that CWU's failure to hire him for that position was improper retaliation. *See supra* § III.B.2. Further, the remainder of his retaliation claim is barred as untimely and further allegations could not cure this defect. *See id.* Thus, the court dismisses Dr. Kucuk's retaliation claim with prejudice and without leave to amend. In addition, because Dr. Kucuk's state law claims are barred by the Eleventh Amendment, no

---

the above-described case law, the applicability of Eleventh Amendment immunity is clear in this case.

additional allegations could cure the jurisdictional defect in these claims. *See supra* § III.B.3. Thus, although the court dismisses Dr. Kucuk's state claims without prejudice because he could potentially bring these claims in a state court action, the court declines to grant leave to amend Dr. Kucuk's state law claims because the court lacks subject matter jurisdiction over them due to CWU's Eleventh Amendment immunity.

## IV. CONCLUSION

The court GRANTS in part and DENIES in part CWU's motion to dismiss Dr. Kucuk's amended complaint (Dkt. # 20). The court DENIES CWU's motion to dismiss Dr. Kucuk's disparate impact claim and GRANTS CWU's motion to dismiss Dr. Kucuk's retaliation and state law claims. The court DISMISSES Dr. Kucuk's retaliation claim WITH PREJUDICE and his state law claims WITHOUT PREJUDICE. The court DENIES Dr. Kucuk leave to amend any of the dismissed claims.

Dated this 30th day of March, 2018.

JAMES L. ROBART
United States District Judge